IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Erma Frazier, ) | C/A No.: 1:11-3356-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Angela Repass; Melissa Smith; Regina ) | |
| Kelly; Karol Seiler; David Repass; ) | |
| Salvation Army DHQ; Regina Davis, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Erma Frazier, proceeding *pro se* and *in forma pauperis*, filed the instant action ("*Frazier I*"), along with two separate actions (1:12-882, "*Frazier II*," and 1:12-883, "*Frazier III*"), alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq*. On May 23, 2013, the district judge consolidated *Frazier I*, *Frazier II*, and *Frazier III*. [Entry #95]. Prior to consolidation, the defendants in *Frazier II* and *Frazier III* filed motions for summary judgment. Pursuant to the district judge's consolidation order, those motions are now docketed in the above-captioned case [Entries #97, #98]. The motions having been fully briefed prior to consolidation, they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motions for summary judgment are dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court deny the motions for summary

judgment.

I.  Discussion

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Contrary to the requirements set forth in Fed. R. Civ. P. 56(c)(1) and Local Civil Rule 7.04, the pending motions for summary judgment are unsupported by record evidence. Most of the defendant's allegations include no citations. Those allegations that do include citations cite to materials that are not in the court's record. The defendants also fail to include any documentation from the South Carolina Human Affairs Commission to support their exhaustion argument. For these reasons, the undersigned recommends denying the motions for summary judgment.

II.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the pending motions for summary judgment [Entries #97, #98] be denied.

IT IS SO RECOMMENDED.

June 4, 2013                                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).