# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Erma Frazier ) | |
| ) | Civil Action No. 1:11-cv-03356-JMC |
| Plaintiff, ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Angela Repass, Melissa Smith, ) | |
| Regina Kelly, Karol Seiler, Davis ) | |
| Repass, Salvation Army DHQ, ) | |
| Regina Davis ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 104] regarding Defendants' Motions for Summary Judgment [Dkt. Nos. 97 and 98] on Plaintiff Erma Frazier's ("Frazier") complaints[1] alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et. seq.* ("ADEA"). The Magistrate Judge recommends denying Defendants' motions on the grounds that the motions are unsupported by citations to evidence in the record. *See* FED. R. CIV. P. 56(c)(1). Defendants have submitted an Objection to the Report and Recommendation ("Objection") [Dkt. No. 110].

---

[1] Frazier, proceeding *pro se* and *in forma pauperis*, filed the instant action ("*Frazier I*") and subsequently filed two related actions, 1:12-cv-882, "*Frazier II*," and 1:12-cv-883, "*Frazier III*". Upon a motion by Frazier, this court consolidated *Frazier I*, *Frazier II*, and *Frazier III*. [Dkt. No. 95]. Prior to consolidation, Defendants filed identical motions for summary judgment in *Frazier II* and *Frazier III*, which attempted to address all of Frazier's claims. No dispositive motions were filed in *Frazier I*.

1

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).

The Magistrate Judge in this case recommends denying the motions for summary judgment on the grounds that most of Defendants' allegations include no citations to the record and those that do include citations cite to materials that are not in the court's record. Rule 56(c) of the Federal Rules of Civil Procedure requires that

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

2

> materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute . . .

FED. R. CIV. P. 56(c)(1). The Magistrate Judge is correct that Defendants' motions fail to meet this standard. However, Rule 56(e) gives the court the discretion to give a party that "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c) . . . an opportunity to support or address the fact." FED. R. CIV. P. 56(e)(1). As the advisory committee notes to this subsection explain:

> [S]ummary judgment cannot be granted by default even ... when an attempted response fails to comply with Rule 56(c) requirements.... Before deciding on other possible action, subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address the fact [that was improperly supported]. In many cases this opportunity will be the court's preferred first step.

FED. R. CIV. P. 56 advisory committee's note, 2010 amendments.

The court is mindful of the fact that the motions deadline has long since passed in this case and that trial looms. However, the court also notes that Defendants' Objection is essentially an updated summary judgment motion with the required citations and the documents that constitute the record.[2] It appears that Defendants made no substantive changes to the arguments presented in the original summary judgment motions. The court notes further that Frazier has already responded to Defendants' previously filed motions and has properly attached evidence and citations thereto which she believes tend to rebut Defendants' assertions.

Therefore, in the interest of justice and efficiency, the court **ACCEPTS** the Magistrate Judge's Recommendation with the modification that Defendants' Motions for Summary Judgment [Dkt. Nos. 97 and 98] be denied without prejudice. Defendants may re-file the

---

[2] Clearly, Defendants' submission was not a proper objection to the Magistrate Judge's Report. To the extent Defendants have articulated any objection to the Report at all, it can only be considered a general objection to the entirety of the Report. "General objections to a magistrate judge's report are tantamount to a failure to object." *Smith v. Nuth*, 98 F.3d 1335 (4th Cir. 1996).

contents of the submission previously filed as Defendants' Objection [Dkt. 110] as a renewed motion for summary judgment. Defendants may not add or subtract anything from their submission in re-filing. This filing must be done by 11:00 PM on Friday, June 28, 2013. The court will further allow Frazier an additional opportunity to supplement her response, if she wishes, by July 10, 2013, to dissipate any potential prejudice. The Magistrate Judge is directed to make a recommendation on the renewed motion as soon as is feasible after July 10, 2013.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 27, 2013
Greenville, South Carolina