# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Erma Frazier, ) | |
| ) | Civil Action No. 1:11-cv-03356-JMC |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Angela Repass, Melissa Smith, ) | |
| Regina Kelly, Karol Seiler, David ) | |
| Repass, Salvation Army DHQ, ) | |
| Regina Davis, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 130] regarding Defendants' Renewed Motion for Summary Judgment[1] [Dkt. No. 115]. Plaintiff Erma Frazier ("Frazier"), who was initially proceeding *pro se* and *in forma pauperis*,[2] alleges that Defendants discriminated against her because of her age and race in violation of Title VII of the Civil Rights Act of 1964, as amended,

---

[1] Frazier filed the instant action ("*Frazier I*"), along with two separate actions, 1:12-cv-00882-JMC, "*Frazier II*," and 1:12-cv-00883, "*Frazier III*". Upon an unopposed motion by Frazier, this court consolidated *Frazier I*, *Frazier II*, and *Frazier III*. [Dkt. No. 95]. Prior to consolidation, Defendants in *Frazier II* and *Frazier III* filed motions for summary judgment, which were identical to each other and which attempted to address all of Frazier's claims as stated in her three complaints. The Magistrate Judge recommended denying the summary judgment motions because Defendants' motions did not include any attachments and were thus entirely unsupported by citations to evidence in the record in contradiction to FED. R. CIV. P. 56(c)(1). This court accepted the Magistrate Judge's recommendation and denied the motion without prejudice. *See* Order [Dkt. No. 112]. The court allowed Defendants to resubmit their motion for summary judgment with the necessary attachments in order to populate a record in this case, which they have now done. In the interest of fairness to Frazier, Defendants were not allowed to make any substantive changes to their motion and Frazier was given the opportunity to respond.

[2] Upon a motion by Frazier, this court appointed Ronald Moak as counsel for Frazier on July 2, 2013. [Dkt. No. 122].

1

42 U.S.C. § 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). Frazier also alleges that Defendants violated Title VII and the ADEA by terminating her employment in retaliation for filing her claims of discrimination. In the Report, the Magistrate Judge recommends dismissing the individual Defendants in this case and denying Defendants' Renewed Motion for Summary Judgment as to the remaining Defendant, the Salvation Army DHQ (the "Army"). The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). "*[D]e novo* review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to *de novo* review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992).

In this case, Defendants filed Objections to the Magistrate Judge's Report and Recommendation [Dkt. No. 110] on Defendants' initial motions for summary judgment. In considering Defendants' Renewed Motion for Summary Judgment [Dkt. No. 115], the

Magistrate Judge considered Defendants' prior objections.[3] Defendants have now filed Objections to the Magistrate Judge's Report and Recommendation ("Objections") [Dkt. No. 138] on Defendants' Renewed Motion for Summary Judgment [Dkt. No. 115].[4] Frazier did not file objections.

## DISCUSSION

The Magistrate Judge recommends that Angela Repass, Melissa Smith, Regina Kelly, Karol Seiler, David Repass and Regina Davis be dismissed as defendants on the grounds that claims brought under either Title VII or the ADEA do not provide for individual liability. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (holding that supervisors are not liable in their individual capacities for Title VII violations); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) (holding that the ADEA limits civil liability to the employer such that supervisors and other employees are not proper defendants). As a result, the court does not have subject matter jurisdiction over the individual Defendants.[5] Therefore, the court accepts the Magistrate Judge's recommendation that the individual Defendants be dismissed from the case, leaving the Army as the only proper defendant in this case.

---

[3] Defendants continue to complain that Frazier has not complied with her discovery obligations in this case. However, as the Magistrate Judge points out, Defendants never filed a motion to compel or a motion to dismiss based on failure to prosecute.

[4] In their objections, Defendants cite to several pieces of evidence that were not included with their Renewed Motion for Summary Judgment, but which have now been attached as part of Defendants' pre-trial brief. The court cannot consider such evidence in reviewing the Renewed Motion for Summary Judgment since the pre-trial briefs are not part of the record in this case. Local Rule 26:05 governs pre-trial briefs and specifically notes that, absent an order to the contrary, such briefs are for the sole use of the court and are not furnished to the opposing counsel. Local Civil Rule 26:05 DSC.

[5] Although Defendants failed to make this argument, the court can make a finding that it lacks subject matter jurisdiction *sua sponte*. *See Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985)

The Magistrate Judge further recommends rejecting Defendants' argument that Frazier failed to exhaust her administrative remedies when she filed her first action prior to receiving notice of her right to sue from the South Carolina Human Affairs Commission ("SCHAC"). *See* 42 U.S.C. § 2000e-5(f)(1) (requiring a Title VII action to be filed within ninety (90) days of the date of receipt of a right to sue notice). While it is true that Frazier's first filed action was premature because it was filed prior to the issuance of her right to sue notice, Frazier timely and properly filed her subsequent complaints, *Frazier II and Frazier III*, each of which included as an attached document a copy of the Dismissal and Notice of Right to Sue Letter from the SCHAC. Had Frazier not filed her subsequent claims, Defendants' argument that Frazier's failure to exhaust her administrative remedies renders the court without jurisdiction to hear the matter might have been more compelling.[6] However, it is clear from the filing of the two subsequent cases that Frazier complied with her duty to first file her claim with SCHAC. Frazier's claims should have been filed as a single complaint in the first instance, and her claims would undoubtedly have been filed together had she been represented by counsel. Accordingly, the court agrees with the Magistrate Judge's recommendation to reject Defendants' exhaustion argument.

The Magistrate Judge further recommends denying Defendants' motion regarding Frazier's discrimination claims. In analyzing Frazier's discrimination claim under Title VII and the ADEA, the Magistrate Judge properly utilized the burden-shifting method of proof established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S.

---

[6] The court also notes that Defendants failed to file any dispositive motions in *Frazier I* where they might have addressed Frazier's premature filing. Defendants only raised this issue in the summary judgment motions filed in *Frazier II* and *Frazier III*, which, as individual cases, were properly filed following the issuance of the right to sue notice.

4

792, 802-805 (1973),[7] which is the appropriate course for claims like this one where there is no direct evidence of discrimination.

As the Magistrate Judge correctly notes, Defendants' summary judgment motion did not address the specific elements of Frazier's *prima facie* case under the *McDonnell Douglas* framework, but merely dismissed it out of hand. Further, Defendants failed to show that there were no genuine issues of material fact as to whether Defendants' actions in this case were legitimate and nondiscriminatory.

In their Objections, Defendants more specifically address the elements of Frazier's *prima facie* case of discrimination. Defendants stipulate that Frazier has established that she is a member of a protected class and that she suffered an adverse employment action when her employment was terminated, but they dispute the fact that Frazier was performing satisfactorily and that similarly situated employees received more favorable treatment. Defendants reassert their position that their reasons for their actions were legitimate and nondiscriminatory.

With regard to Frazier's claim that the Army reduced her hours while allowing younger employees to work longer hours, Defendants cite to a "Payroll Spreadsheet" in support of their assertion that hours were reduced for all employees as a result of the Army's efforts to save money during an economic downturn. The Payroll Spreadsheet was not included in the Renewed Motion for Summary Judgment [Dkt. No. 115] and no other evidence was presented

---

[7] Under the *McDonnell Douglas* framework, a plaintiff must first prove her prima facie case of discrimination by showing that (1) she is a member of a protected class; (2) that she was performing satisfactorily; (3) that she suffered an adverse employment action; and (4) that similarly situated employees received more favorable treatment. 411 U.S. at 802-805. If the plaintiff can establish her *prima facie* case, the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for the disparate treatment or adverse action. *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If such a reason is put forward, the burden shifts back to the plaintiff to demonstrate the asserted reason is not the true reason but mere pretext for discrimination. *Reeves. v. Sanderson Plumbing Prods., Inc*. 530 U.S. 133, 143 (2000).

with regard to the Army's efforts at cutting costs by reducing employee hours. Additionally, Frazier's earning statement as submitted by Defendants showing that Frazier worked more than 40 hours per week included handwritten notes for which no explanation was given. As a result, the Magistrate Judge was constrained to conclude that a genuine issue of material fact exists on the issue of whether Defendants' asserted reason for allegedly reducing Frazier's hours was legitimate and nondiscriminatory.

In their Objections, Defendants explain the handwritten notes on Frazier's earning statement as having been written by Defendants in anticipation of trial in order to show the number of hours worked since the wage statement did not include an hours calculation. Such notes support the contention that Frazier continued to work over 40 hours per week even with the reductions in her scheduled hours. Defendants also cite once again to the Payroll Spreadsheet, which is not in the record and therefore not evidence that the court can consider in reviewing Defendants' motion. Like the Magistrate Judge, the court remains troubled by the handwritten notes on Frazier's earning statement because the court has no way to verify who or when those notes were added or if the calculations accurately reflect the hours worked. Therefore, the court must agree with the Magistrate Judge that the evidence is inconclusive on the issue of whether Frazier's hours were reduced as she claims, and if so, whether other employees outside the protected class were allowed to work more hours.

Defendants also deny Frazier's claim that she was prevented from applying for the position of Shelter Director. Defendants assert instead that the Shelter Director position was eliminated and that the duties of that position were merged into the duties of Defendant Melissa Smith, who is white and under the age of 40. There is no evidence currently in the record establishing that duties of the two positions were merged as Defendants claim such that the

Shelter Director position was eliminated.[8]  Further, Frazier puts forth a letter, which lists Melissa Smith not as Program Director, but as Shelter Director, which tends to rebut the claim that the Shelter Director position was eliminated.  For these reasons, the court agrees with the Magistrate Judge's position that, based on the evidence before the court at this time, a genuine issue of material fact exists as to whether Defendants have established a legitimate, nondiscriminatory reason for not allowing Frazier to apply for the Shelter Director position.

   Finally, Defendants claim that Frazier was terminated on the basis of an overall decline in her performance and that Frazier failed to produce any evidence that Defendants thought she was doing a good job.  The reason for Frazier's termination was stated in a short memorandum listing the reason for her suspension (and ultimate termination) as "discussing confidential information with shelter residents and not following instructions."  [Dkt. No. 115-3]. Frazier disputes Defendants' allegations that she discussed confidential information with shelter residents. Additionally, Frazier points to two occasions on which she was awarded employee of the month, one of which occurred in July of 2011, roughly four months before her employment was terminated. [Dkt. No. 100-4].[9]  This evidence tends to rebut Defendants' assertion that Frazier failed to produce evidence that her employers thought she was doing a good job. For these reasons, the court agrees that a genuine issue of material fact exists as to whether Defendants have met their burden under the *McDonnell Douglas* burden-shifting scheme such that the

---

[8] Defendants also now assert that Frazier would not have been qualified for the position of Shelter Director if such a position had been available. However, there is no proof offered for this proposition either.

[9] In a newsletter from the Aiken Salvation Army from July 2011, Frazier is listed as the employee of the month. [Dkt. No. 100-4].  The announcement states: "Erma has been a faithful employee at our shelter for ten years.  She always does what is asked of her and is willing to help train new employees." *Id.*

burden of proving "discrimination *vel non*" must be shifted back to Frazier at this stage of the case. *Reeves*, 530 U.S. 143 (2000).

Finally, the Magistrate Judge correctly determined that Defendants failed to address Frazier's retaliation claim other than to deny it outright and assert that Frazier failed to put forward any evidence of retaliation. In their Objections, Defendants now address the retaliation claim. Specifically, Defendants assert that Frazier has failed to establish a *prima facie* case of retaliation because she cannot demonstrate that Defendants' decision to terminate her employment was caused by the complaint she made to the SCHAC.[10]

As noted above, Frazier denies the allegations of disclosing confidential information, which was listed as a reason for her termination. Additionally, the short time between Defendants' receipt of notice of Frazier's discrimination claim and her subsequent termination from employment − less than two months –is at least sufficient to establish the causation element of Frazier's *prima facie* case of retaliation. *See Burgess v. Bowen*, 466 F. App'x 272, 283 (4th Cir. 2012) ("temporal proximity between the protected activity and the employer's adverse action alone will suffice" to establish a causal connection between the protected activity and the adverse action.) Therefore, the court cannot conclusively establish, on the evidence presented, that Frazier's termination from employment was as a result of poor performance as Defendants claim. Accordingly, the court cannot rule as a matter of law that no genuine issue of material fact exists on this issue.

---

[10] To establish a *prima facie* case for retaliation, a plaintiff must prove that (1) she engaged in a protected activity; (2) an adverse employment action was taken against her; and (3) there was a causal connection between the protected activity and the adverse action. *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 656 (4th Cir.1998). If the plaintiff can do this, the burden shifts to the defendant to put forward a legitimate, nonretaliatory reason for its decision, which the plaintiff must then rebut. *Id.*

**CONCLUSION**

For the reasons stated above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. The court dismisses Defendants Angela Repass, Melissa Smith, Regina Kelly, Karol Seiler, David Repass, and Regina Davis, for lack of subject matter jurisdiction. Defendants' Motion for Summary Judgment as to Defendant Salvation Army DHQ [Dkt. No. 115] is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 7, 2013
Greenville, South Carolina